IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL CONRAD DICK,<br>Plaintiff, | :<br>:<br>: | CIVIL ACTION |
| v. | :<br>: | NO. 08-2497 |
| HEALTHCARE RISK SOLUTIONS, LLC<br>and<br>EDMUND LYNCH,<br>Defendants. | :<br>:<br>:<br>:<br>: | |

**Memorandum and Order**

YOHN, J.                                                                                                          October 21, 2008

Plaintiff Rachel Dick filed this lawsuit against her former employer Healthcare Risk Solutions, LLC ("HRS") and Edmund Lynch, HRS's managing partner. Plaintiff alleges: (1) a state common law claim for wrongful termination with specific intent to harm against HRS in Count I; (2) a claim for retaliatory termination in violation of 42 U.S.C. §§ 2000e *et seq.* and 43 Pa. Cons. Stat. §§ 951 *et seq.*, against all defendants in Count II; and (3) a claim for sexual harassment in violation of 42 U.S.C. §§ 2000e *et seq.* and 43 Pa. Cons. Stat. §§ 951 *et seq.*, against all defendants in Count III. Presently before the court is defendants' motion to dismiss Count I of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] For the following reasons, I will grant defendants' motion and will dismiss Count I with prejudice.

**I.    Factual and Procedural Background**

Plaintiff's complaint arises out of both the conditions of her employment with defendant

---

[1] Although plaintiff brought Count I against defendant HRS only, both defendants have joined this motion to dismiss.

HRS and her ultimate termination. From August 12, 2002 to December 19, 2006, plaintiff worked as an account manager for HRS. (Complaint ¶ 7.) Plaintiff alleges that during that time defendant Lynch "subjected [plaintiff] to a pattern of unwelcome and offensive sexual comments." (Compl. ¶ 8.) Specifically, plaintiff identifies ten different comments that Lynch made during the course of her employment, but provides dates for only three incidents, all in late 2006. *Id.* According to plaintiff, she "indicated" to Lynch that she had no interest "in a sexual or romantic relationship with him." (Compl. ¶ 9.) On December 15, 2006, plaintiff complained about Lynch's comments to another HRS partner, Robert Russell. (Compl. ¶ 10.) Four days later, HRS terminated plaintiff, even though she had previously received a promotion set to begin on January 1, 2007. (Compl. ¶¶ 11, 12.)

Plaintiff filed her complaint on April 21, 2008 in the Pennsylvania Court of Common Pleas of Philadelphia County. On May 29, 2008, defendants filed a notice of removal with this court. Defendants filed a motion to dismiss Count I of the complaint and plaintiff filed a response.

**II.     Discussion**

    **A.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citation omitted). When evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "The issue is not

whether [the claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).

### B. Wrongful Termination with Specific Intent to Harm

In Count I of her complaint, plaintiff alleges a state law claim for wrongful termination based on a specific intent to harm. Defendants argue that the court should dismiss Count I because Pennsylvania law does not recognize this cause of action. Plaintiff contends that this cause of action "remains alive and well in Pennsylvania." In adjudicating a state law claim, the court must "apply state law as interpreted by the state's highest court in an effort to predict how that court would decide the precise legal issues before us." *Gares v. Willingboro Twp.*, 90 F.3d 720, 725 (3d Cir. 1996). The court can also use state intermediate appellate court decisions for guidance. *Id.*

Pennsylvania law applies "an extremely strong" presumption of at-will employment for "all non-contractual employment relations." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000). For at-will employment, an employer may terminate an employee "for good reason, bad reason, or no reason at all." *Hershberger v. Jersey Shore Steel Co.*, 575 A.2d 944, 946 (Pa. Super. Ct. 1990) (citing *Henry v. Pittsburgh & Lake Erie R.R. Co.*, 21 A. 157, 157 (Pa. 1891)). At one time, this long standing rule appeared less absolute after *Geary v. United States Steel Corporation*, where a salesman, Geary, sued his former employer, a steel plant, after the plant fired him when Geary raised concerns about the safety of a company product. 319 A.2d 174, 174-75 (Pa. 1974). There, the Pennsylvania Supreme Court implied that other analogous torts that "necessarily involve[d] an element of specific intent" could justify finding a cause of

action for wrongful termination made with a specific intent to harm. *Id.* at 177. The court's holding, however, was only that employers may terminate at-will employees for any reason that does not violate public policy.[2] *Id.* at 184.

Relying on *Geary*, the Pennsylvania Superior Court presumed that Pennsylvania law recognized a cause of action for wrongful termination with a specific intent to harm. *See Tourville v. Inter-Ocean Ins. Co.*, 508 A.2d 1263, 1265-66 (Pa. Super. Ct. 1986) (outlining test for cause of action for wrongful termination with specific intent to harm); *see also Mudd v. Hoffman Homes for Youth, Inc.,* 543 A.2d 1092, 1095, 1096 (Pa. Super. Ct. 1988) (permitting cause of action for wrongful termination with specific intent to harm where employer fired employee just months before pension would have vested).

Nevertheless, the specific intent to harm exception, to the extent it existed, had a short life in Pennsylvania law. In *Clay v. Advanced Computer Applications, Inc.*, the Pennsylvania Supreme Court established that at-will employees can bring wrongful termination claims "in *only* the most limited of circumstances, where discharges . . . would threaten clear mandates of public policy," thus restraining *Geary*'s reach.[3] 559 A.2d 917, 918 (Pa. 1989) (emphasis added); *see*

---

[2] The court did not clarify whether (a) the specific intent to harm exception existed as a separate and distinct exception from the public policy exception or (b) whether terminations made with a specific intent to harm per se violated public policy. *Compare Veno v. Meredith*, 515 A.2d 571, 577 (Pa. Super. Ct. 1986) (treating "specific intent to harm" and "public policy" as separate exceptions to at-will employment doctrine) *with Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Div.*, 422 A.2d 611, 617-18 (Pa. Super. Ct. 1980) (recognizing that "motive and manner" of discharge are significant in determining whether discharge violated public policy). The issue became moot in light of subsequent authority that determined that the specific intent to harm exception does not exist at all in Pennsylvania, as explained below.

[3] In his concurring opinion, Justice Nix put forth an even narrower view of *Geary* that explicitly rejected the view that a cause of action for wrongful termination based on a specific intent to harm ever existed under Pennsylvania law.

*also Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990) (affirming holding from *Clay*).

That a public policy concern represents the *only* exception to the bar on claims of wrongful termination of at-will employment has now become well-settled in Pennsylvania law. *See McLaughlin*, 750 A.2d at 287 (reviewing Pennsylvania law and concluding employee can bring "cause of action for a termination . . . *only* in the most limited of circumstances where the termination implicates a clear mandate of public policy" (emphasis added)); *Shick v. Shirey*, 716 A.2d 1231, 1238 (Pa. 1998) (holding employee has cause of action based on public policy for termination made as retaliation to employee's workman's compensation claim). Consequently, Pennsylvania law does not recognize a cause of action for wrongful termination based on a specific intent to harm.

Accordingly, in cases decided after *Clay* and *Paul,* the Pennsylvania Superior Court rejected causes of action for wrongful termination based on a specific intent to harm. *See Donahue v. Fed. Express Corp.*, 753 A.2d 238, 245 (Pa. Super. Ct. 2000) (finding claim for wrongful termination based on specific intent to harm "no longer viable" in light of *Paul*); *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 360 (Pa. Super. Ct. 1993) (concluding that after *Clay* and *Paul*, the "only exception to the employment at-will doctrine is where the discharge violates clear mandates of public policy").

Likewise, this court has interpreted Pennsylvania law similarly. *See, e.g.*, *Pyles v. City of*

---

Contrary to the Superior Court's view, this Court did not announce a cause of action for wrongful discharge in *Geary*. The language relied upon by the Superior Court in its analysis of *Geary* was gratuitous *dicta* and could not possibly have created a tort cause of action for wrongful discharge. Indeed, the language in *Geary* clearly states that a cause of action for wrongful discharge in an at-will employment relationship does not exist.
*Clay*, 559 A.2d at 923 (citation omitted).

*Philadelphia*, No. Civ. A. 05-1769, 2006 WL 3613797, at *10 (E.D. Pa. Dec. 8, 2006) (concluding cause of action no longer exists for wrongful termination based on specific intent to harm in light of *Clay*, *Paul*, and recent Pennsylvania Superior Court cases); *McLaughlin v. Kvaerner ASA*, No. 04-5559, 2006 WL 2129124, at *4 (E.D. Pa. July 26, 2006) (same).

Plaintiff argues that the above precedent is "wrongly-reasoned." Without providing specific language, plaintiff contends that *Geary* "specifically held" that Pennsylvania law recognizes a specific intent to harm, wrongful termination action. Actually, at best *Geary* merely suggests that a *possible* exception to Pennsylvania's employment at will doctrine could exist for wrongful discharge with the specific intent to harm. *See Geary*, 319 A.2d at 177 (finding that analogy of wrongful termination to torts requiring specific intent "seems apt enough," but holding that plaintiff's termination violated public policy); *see also Pyles*, 2006 WL 3613797, at *10 (concluding that *Geary* "suggested that wrongful discharge with the specific intent to harm was a *possible* exception to Pennsylvania's employment at will doctrine" (emphasis in original)). Plaintiff also relies on the Pennsylvania Superior Court's decision in *Tourville v. Inter-Ocean Insurance Co.* to claim that the specific intent to harm exception still exists, but fails to recognize that in *Clay*, *Paul*, and the cases that followed, the Pennsylvania Supreme Court effectively overruled *Tourville*.[4] *See, e.g.*, *Brown v. St. Luke's Hosp.*, 816 F. Supp. 342, 344 (E.D. Pa. 1993) (explaining that *Tourville*'s "holding has since been superseded by the . . . decision in *Paul*").

Additionally, plaintiff argues that her position finds support in *Altopiedi v. Memorex Telex Corporation*, where this court found that Pennsylvania law recognized a cause of action for wrongful termination based on a specific intent to harm. 834 F. Supp. 800, 805 (E.D. Pa. 1993).

---

[4] In fact, plaintiff does not cite or even mention *Clay* or *Paul* at all.

Plaintiff's argument fails because *Altopiedi* conceded that the cause of action exists only "until the Pennsylvania Supreme Court specifically decides [otherwise]." *Id.* at 805. In fact, the Pennsylvania Supreme Court did just that in cases following *Altopiedi* by limiting wrongful discharge claims to *only* circumstances violative of public policy. *E.g. McLaughlin*, 750 A.2d at 287. Finally, although plaintiff claims federal courts "continue to routinely uphold . . . specific intent to harm [claims]," plaintiff relies on cases that, at best, note in dicta that the cause of action still exists under Pennsylvania law. *See Goodwin v. Moyer*, 549 F. Supp. 2d 621, 636 (M.D. Pa. 2006) (noting specific intent to harm exception, but deciding on basis of public policy exception); *Clark v. Chmielewski*, No. Civ. A. 00-1026, 2004 WL 1503762, at *3, *5 (E.D. Pa. Feb. 26, 2004) (noting specific intent to harm exception, but ruling on other grounds).

### III.     Conclusion

In light of the above precedent, I find once again that Pennsylvania law does not recognize a cause of action for wrongful termination based on a specific intent to harm. *See Mulgrew v. Sears Roebuck & Co.*, 868 F. Supp. 98, 101-02 (E.D. Pa. 1993) (Yohn Jr., J.) (concluding that after *Clay* and *Paul* Pennsylvania law does not recognize claim for wrongful termination based on specific intent to harm). Because Count I of plaintiff's complaint has no basis in Pennsylvania law, plaintiff fails to state a claim for which relief can be granted.

Because no set of facts can cure a claim that lacks legal foundation, granting plaintiff leave to amend Count I would prove futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Therefore, I will dismiss Count I of the complaint with prejudice.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL CONRAD DICK, : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 08-2497 |
| HEALTHCARE RISK SOLUTIONS, LLC : | |
| and : | |
| EDMUND LYNCH, : | |
| Defendants. : | |

## Order

AND NOW on this 21st day of October 2008, upon consideration of defendants' motion to dismiss (Doc. No. 5) and plaintiff's response thereto, IT IS HEREBY ORDERED that defendants' motion to dismiss Count I of plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED and Count I of plaintiff's complaint is DISMISSED with prejudice.

                                                              s/ William H. Yohn Jr., Judge
                                                                William H. Yohn Jr., Judge